{¶ 56} I concur in Judge Rice's conclusion that "summary judgment was appropriate." Having reached that correct conclusion, however, Judge Rice inexplicably then rules that appellants' first assignment of error (the trial court erred in granting summary judgment) is well-taken and appellant's second assignment of error is well-taken in part. Such disposition is incongruous with the conclusion that "summary judgment was appropriate." While I concur in Judge Rice's disposition of the third assignment of error, all of the assignments of error are without merit. Therefore, I respectfully dissent with respect to the decision to reverse and remand the lower court's ruling.
 {¶ 57} Under Ohio law, Deputy Allen is immune from civil liability unless he was acting "manifestly outside the scope of [his] employment" or "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6)(a) and (c).
 {¶ 58} Deputy Allen's actions were manifestly not outside the scope of his employment. As the trial court correctly pointed out, "Allen's care of the dog is in *Page 16 
furtherance of the County's decision to utilize the dog as a tool of law enforcement and to delegate responsibility for maintenance of the dog to the deputy to whom the dog is assigned." More significantly, Allen's uncontroverted testimony is that he was responding to a police call at the time of the incident involving Rosalie Hicks. Although Allen's shift was not scheduled to begin for a half an hour, he had been summoned by the sheriff's department to proceed directly to a particular area, with Mick, and conduct a person search.
 {¶ 59} This is sufficient to establish that Allen was within the scope of his employment, or, in the words of the statute, not "manifestly outside the scope of [his] employment." There is no evidence that any action taken by Allen was outside the scope of his employment. There is no genuine issue of material fact on this issue.
 {¶ 60} Deputy Allen's immunity is not abrogated by R.C. 955.28(B), which imposes civil liability on "[t]he owner, keeper, or harborer of a dog * * * for any injury * * * caused by the dog."
 {¶ 61} This court has previously held that R.C. 955.28 does not constitute an exception to political subdivision immunity. Perry v. EastCleveland (Feb. 16, 1996), 11th Dist. No. 95-L-111, 1996 Ohio App. LEXIS 507, at *16. The majority distinguishes Perry on the grounds that the holding in Perry only applies to political subdivisions, not their employees. "R.C. 955.28(B) merely provides that `the owner, keeper, or harborer of a dog is liable * * *' [i]t does not contain any language expressly creating liability upon a political subdivision". Id. *Page 17 
 {¶ 62} Similarly, R.C. 955.28(B) does not contain any language expressly creating liability upon the employees of a political subdivision. The majority argues that Allen is a "keeper * * * of a dog" within the context of R.C. 955.28(B). But it is equally true that political subdivisions, East Cleveland in the Perry case and Ashtabula County in the present case, are the "owner[s] * * * of * * * dog[s]" within the context of R.C. 955.28(B). It is inconsistent, therefore, to apply the holding in Perry to political subdivisions but not their employees. The rationale for exempting both political subdivisions and their employees from R.C. 955.28, as recognized by this court, is the "presumption against interpreting other statutes as stating an exception to the general rule concerning sovereign immunity." Id. at *16-*17 (citation omitted).
 {¶ 63} Therefore, the decision of the Ashtabula County Court of Common Pleas should be affirmed. *Page 1